IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**GRACE KEEN and JOHN KEEN**

Plaintiffs,

v.

**DEPUY ORTHOPAEDICS, INC., and JOHNSON & JOHNSON, INC.,**

Defendants.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

Plaintiff, by their attorney, David P. Reiter, P.C., for their Complaint against Defendants DePuy Orthopaedics, Inc. and Johnson and Johnson, Inc. (collectively "Defendants") and alleges:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Grace Keen is an individual and is now, and at all times mentioned in this Complaint has been a resident and citizen of the State of Colorado.

2. Plaintiff John Keen is an individual and is now, and at all times mentioned in this Complaint has been the legal spouse of Plaintiff Grace Keen and is a resident and citizen of the State of Colorado.

3. Defendant DePuy Orthopaedics, Inc., at all times mentioned in this Complaint was, a corporation duly organized and existing under the laws of Indiana, with its principal place of business in Indiana.

4. Defendant Johnson and Johnson, Inc. at all times mentioned in this Complaint was, a corporation duly organized and existing under the laws of New Jersey, with its principal place of business in the State of New Jersey.

5. The basis for federal jurisdiction is his action is diversity of citizenship of the parties under 28 U.S.C.A. 1332. The amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000.00.

6. Venue is proper in this District pursuant to 28 U.S.C.A. 1391(a) because the event giving rise to the clam that is the subject matter of this action occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

7. At all times mentioned in his Complaint Defendants were engaged in the businesses of manufacturing, compounding, assembling, inspecting, packaging, designatoring, labeling, designing, distributing, testing, analyzing, recommending, merchandising, advertising, promoting, supplying and selling to wholesalers, jobbers, distributors, and retailers for resale to

physicians, hospitals, medical practitioners, and the general public, a certain product and/or its component parts, ingredients, and constituents, hereinafter referred to in addition to being a DePuy Pinnacle hip joint implant for use in hip replacement surgery was, DePuy Pinnacle metal-on-metal hip joint implant for use in hip replacement surgery.

8. On March 17, 2003, Mrs. Keen had in addition to being a DePuy Pinnacle left hip joint implant for use in hip replacement surgery was, a DePuy Pinnacle metal-on-metal left hip joint implant surgically implanted within her body.

9. Mrs. Keen's DePuy Pinnacle left hip joint implant for use in replacement surgery was, a DePuy Pinnacle metal-on-metal left hip joint implant that was designed and manufactured by Defendants.

10. DePuy was engaged in the business of selling and did sell the metal-on-metal DePuy Pinnacle hip joint implant for use in Mrs. Keen's left hip.

11. Mrs. Keen was required to have the metal-on-metal DePuy Pinnacle left hip joint implant surgically removed on August 4, 2017, because it was defective.

12. Mrs. Keen did not discover her cause of action against Defendants until on or about August 4, 2017. At that time, Mrs. Keen first suspected that her physical injuries were the result of Defendants wrongful conduct. Mrs. Keen could not by the

exercise of reasonable diligence, have discovered the wrongful cause of her injuries at an earlier time since she is a layperson without medical knowledge, the cause of said injuries required medical and scientific knowledge she did not possess, no medial treatise or report came to her attention which indicated the wrongful cause of her injuries, and no general public dissemination of information indicated the cause of said injuries became known to her, and she had no information which would cause her to suspect wrongdoing by the Defendants.

13. The metal-on-metal design of the DePuy Pinnacle hip implant system generated high levels of metal debris, causing metallosis in the tissue surrounding the hip and causing the hip implant to fail.

14. The DePuy Pinnacle hip implant system puts the cobalt-chromium metal DePuy Pinnacle femoral ball directly in contact with a cobalt-chromium metal DePuy pinnacle acetabular cup.

15. The movement of this artificial joint produces metal-on-metal wear debris, and the amount of toxic metal debris produced increases as Mrs. Keen ambulated about. For example, an MRI, utilizing MARS reduction protocols found that there is scattered debris within the joint fluid and this constellation of findings is consistent with hardware complications and aseptic lymphocytic vasculitis associated lesions or (ALVAL), and the August 4, 2017 operative report provided that once

inside the capsule there was brownish, thick fluid, almost mud-like in appearance or coffee ground like in appearance, in addition to pseudocyst, trunnionosis and pseudotumor within the proximal femur.

16. Mrs. Keen endured a painful recovery from her left hip revision surgery and continues to suffer from injuries of a permanent and lasting nature and discomfort as a result of the failed DePuy hip implant system, and she takes pain killers on a daily basis.

17. Mrs. Keen requires continuous medical monitoring and treatment as a direct and proximate cause of her failed DePuy Pinnacle Hip Implant system.

18. As a proximate result of the conduct of Defendants described in this Complaint, Mrs. Keen was caused to suffer grievous, serious and severe injuries, and sustained serious and permanent injuries to her health, strength, and activity and severe shock to her nervous system, and was caused to suffer and will continue to suffer mental pain.

19. As a further proximate result of the conduct of Defendants described in this Complaint, Mrs. Keen was required to, and did employ physicians and surgeons to examine, treat, and care for her, and she incurred, and will in the future incur hospital, medical and incidental expenses.

20.  As a further proximate result of the conduct of Defendants described in this Complaint, Mrs. Keen was prevented from attending to her usual occupation, and thereby sustained a loss of earnings and a diminished earning capacity.  Mrs. Keen may continue to sustain such damages in the future and will sustain further losses, according to proof.

21.  Prior to the date on which the above-mentioned hip joint implant product was used by Mrs. Keen, Defendants knew that the product was extremely dangerous, defective, and unsafe for use by the general public for the above-mentioned purposes. Defendant failed to take appropriate action to cure the defects or to appropriately warn users of this hip join implant product or their physicians of its dangerous characteristics.

**FIRST CAUSE OF ACTION**
**(Strict Liability in Tort)**

22.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 of the Complaint with the same force and effect as if fully set forth herein.

23.  At all times mentioned in this Complaint, Defendants above-mentioned hip joint implant product was defective and unsafe, in that it was dangerous for purposes of hip replacement surgery and caused grievous injuries to the body when used for those purposes.

24. Defendant know that its hip joint implant product was to be used by the user without inspection for defects in the product or in any of its components or ingredients.

25. Mrs. Keen neither knew, nor had reason to know, at the time of the use of Defendants product, or at any time prior to such use, of the existence of the defects described herein.

### SECOND CAUSE OF ACTION
### (Negligence)

26. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 25 of the Complaint with the same force and effect as if fully set forth herein.

27. At all times mentioned in this Complaint, Defendants had a duty to properly manufacture, compound, test, inspect, package, distribute, market, examine, maintain, and prepare for use and sell its above-mentioned hip joint implant product.

28. At all times mentioned in this Complaint, Defendant knew, or in the exercise of reasonable care should have known, that its hip joint implant product was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, distributed, marketed, examined, and sold, it was likely to injure the user of that product.

29. Defendants so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, distributed, recommended, displayed, sold, examined and failed to examine its above-mentioned hip joint implant product that it was dangerous and unsafe for the user and for the purpose for which it was intended.

30. As a proximate result of the above-mentioned carelessness and negligence of defendants. Defendants above-mentioned hip joint implant product caused severe injury to Mrs. Keen's body and thereby proximately caused her to sustain damages and injuries as alleged in this Complaint.

**THIRD CAUSE OF ACTION**
**(Breach of Implied Warranty)**

31. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 of the Complaint with the same force and effect as if fully set forth herein.

32. At all times mentioned in this Complaint, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, and sold the above-mentioned hip joint implant product as described above, and prior to the time that the product was used by Mrs. Keen, Defendants impliedly warranted to her and to her agents that the product

was of merchantable quality and safe for the use for which it was intended.

33. Mrs. Keen relied on the skill and judgment of Defendants in using the above-mentioned hip joint implant product.

34. Defendants hip join implant was not safe for its intended use, nor was it of merchantable quality, as warranted by Defendants, in that it had very dangerous propensities when put to its intended use and would cause severe injury to the user. Defendants hip joint implant product proximately caused Mrs. Keen to sustain damages and injuries as alleged in this Complaint.

35. After Mrs. Keen was made aware of her injuries as result of the use of Defendants hip joint implant, notice was duly given to Defendants or their agents of the breach of such warranty.

## FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

36. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 of the Complaint with the same force and effect as if fully set forth herein.

37. The above-mentioned manufacturing, compounding, packaging, designing, distributing, testing, construction, fabricating, analyzing, recommending, merchandising, advertising, promoting, and selling of Defendants above-mentioned hip joint implant product was expressly warranted to be safe for Plaintiff and others considering undergoing the implantation of hip joint implants during hip replacement surgery.

38. At the time of making the express warranties, Defendants had knowledge of the purpose for which the above-mentioned hip joint implant product was to be used and warranted the product to be, in all respects, fit, safe, effective, and proper for that purpose.

39. Mrs. Keen and her physicians reasonably relied on the skill and judgment of Defendants, and on such express warranty, in using the above-mentioned hip joint implant product. Defendants express warranty and representations were untrue, in that the product caused severe injury to Mrs. Keen and was unsafe and, therefore, unsuited for the use for which it was intended, and could and did proximately cause her to sustain damages and injuries as alleged in this Complaint.

40. As soon at the true nature of Defendants above-mentioned hip joint implant product and the fact that the express warranty and representations were false where

ascertained, Defendants or their agents were notified of the breach of such warranty.

## FIFTH CAUSE OF ACTION
### (Fraud)

41. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 40 of the Complaint with the same force and effect as if fully set forth herein.

42. Defendants falsely and fraudulently represented to Plaintiff, her physicians, and other members of the general public, that Defendants above-mentioned hip joint implant product was safe for use in hip replacement surgery. The representations by Defendants were, in fact, false. The true facts were that Defendants above-mentioned hip joint implant product was not safe for use in hip replacement surgery and was, in fact, dangerous to the health and body of Mrs. Keen.

43. When Defendants made the above-mentioned representations, it knew them to be false, and such representations were made by Defendants with the intent to defraud and deceive Mrs. Keen, and with the intent to induce her to act in the manner alleged, that is, to use Defendants above-mentioned hip joint implant product in hip replacement surgery.

44. As a proximate result of Defendants above-described fraud and deceit, Mrs. Keen sustained the injuries and damages described in this Complaint.

45. In doing the acts alleged in this Complaint, Defendants acted with oppression, fraud, and malice. Such wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendants.

### SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

46. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 45 of the Complaint with the same force and effect as if fully set forth herein.

47. Defendants falsely represented to Mrs. Keen, her physicians, and other members of the general public, that Defendants hip joint implant product was safe for use in hip replacement surgery. The representations by Defendant were, in fact, false. The true facts were that Defendants hip joint implant product was not safe for use in hip replacement surgery and was, in fact, dangerous to the health and body of Mrs. Keen.

48. Defendants made the above-mentioned representations with no reasonable ground for believing them to be true, and Defendants did not have accurate or sufficient information

concerning the representations, and Defendants were aware that without such information, it could not accurately make the representations.

49. At the time the above-mentioned representations were made, Defendants concealed from Mrs. Keen, and her physician, its lack of information and consequent inability to make the representations accurately.

50. At the time the representations were made by Defendants and at the time Mrs. Keen and her physicians took the actions alleged in this Complaint, Mrs. Keen and her physicians were ignorant of the falsity of Defendants representations and reasonably believed them to be true.  In reliance on Defendants representations, Mrs. Keen and her physicians were induced to, and did, use Defendants hip joint implant in her hip replacement surgery.  If Mrs. Keen and her physicians had known the actual facts, they would not have taken such action.  The reliance of Mrs. Keen and her physicians on Defendants representations was justified because the representations were made by individuals and entities who appeared to be in a position to know the true facts.

51. As a proximate result of Defendants false representations and concealment, Mrs. Keen was caused to sustain the injuries and damages described in this Complaint.

## SEVENTH CAUSE OF ACTION
### (Loss of Consortium)

52.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 51 of the Complaint with the same force and effect as if fully set forth herein.

53.     As a result of the above-mentioned actions of Defendants John Keen has been deprived of the person, affection, society companionship, services, aid and comfort of his wife, Grace Keen and has performed numerous services for her.

54.     As a result of the acts and omissions of the Defendants, Plaintiffs have suffered damages.  The damages sustained by the Plaintiffs include economic damages, past and future medical expenses, damages for lost time and earnings and earning capacity, damages relating to and for further economic and non-economic damages for grief, loss of companionship, pain and suffering, permanent impairment, permanent disfigurement, emotional stress, related expenses pre and post judgment interest, costs and attorney fees.

55.     Plaintiffs reserve the right to amend their Complaint.

 WHEREFORE, Plaintiffs request judgment be entered in their favor and against Defendants for damages as stated, together with costs, interest and attorney's fees, and for such further relief as this Court deems just and necessary.

**JURY DEMAND**

**PLAINTIFFS MAKE DEMAND FOR TRIAL TO A JURY**

DATED this 26th day of July, 2019.

Respectfully submitted,

DAVID P. REITER, P.C.

/s/ David P. Reiter

_____
David P. Reiter, #16585
1660 South Albion St., Suite 343
Denver, Colorado 80222
(303) 782-5001 Phone
(303) 756-6575 Fax
dpreiter@hotmail.com
Attorney for Plaintiffs Grace and John Keen

Plaintiffs Address:
17217 CR 17
Sterling, CO 80751